# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE D. CHATMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>            Defendant. | CASE NO. 1:08-cv-01296-SMS PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM TO PLAINTIFF<br><br>ORDER REQUIRING PLAINTIFF TO FILE COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 7) |

    On February 22, 2008, Plaintiff Lonnie D. Chatman ("Plaintiff"), a state prisoner proceeding pro se, sent a letter to the Northern District of California. (Court Doc. 1.) The letter concerns a decision made by prison officials which has allegedly placed inmates classified as sensitive needs in danger. The Clerk's Office opened a civil action and by order filed August 27, 2008, the action was transferred to this court because Plaintiff is housed at Pleasant Valley State Prison. The Court has reviewed the letter and declines to construe it as a complaint given that it does not even arguably meet the requirements set forth in the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 7(a), 8(a), 10(a).

    The Clerk's Office will be directed to send Plaintiff a civil rights complaint form. Plaintiff must fill out the complaint form and submit it to the Court within thirty days. This action cannot proceed without a proper complaint on file. Upon receipt of Plaintiff's complaint, the Court will

grant his motion for leave to proceed in forma pauperis.

On June 30, 2008, Plaintiff filed a motion seeking the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a complaint;

3. Plaintiff's motion for the appointment of counsel is DENIED; and

4. <u>The failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

**Dated:   September 3, 2008**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE